# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEFFREY P. GOULD, | : | Case No. 3:21-cv-1237 (SVN) |
| *Petitioner,* | : | |
| | : | |
| v. | : | |
| | : | May 9, 2022 |
| WARDEN K. BARONE and COMM. of | : | |
| CORR. ANGEL QUIROS, | : | |
| *Respondents.* | : | |

## RULING AND ORDER GRANTING RESPONDENTS' MOTION TO DISMISS

Petitioner Jeffrey Gould, who is now serving his term of special parole,[1] filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his state conviction for sexual assault (the "Petition").  ECF No. 1.  Petitioner raises four grounds for relief: (1) "Factual Innocence"; (2) "Prosecutorial Impropriety;" (3); "Ineffective Assistance of Counsel;" and (4) "Malicious Prosecution."  *Id.* at 9-17; *see* ECF No. 18 at 4.

Respondents moved to dismiss the Petition, arguing that Petitioner has failed to exhaust his state court remedies on all grounds for relief.  *See* ECF No. 30.  To date, Petitioner has not filed an opposition to the motion to dismiss.  He has, however, filed a "motion to stay and abeyance of mixed petition" (ECF No. 37) and a motion to use ancillary jurisdiction to overrule his assertedly "unlawful 'special parole'" (ECF No. 38).[2]  The Court construes Petitioner's pending motions as his response to Respondents' motion to dismiss.  Upon thorough review of the record, the Court

---

[1] The Court may "take judicial notice of relevant matters of public record."  *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012).  The Court takes judicial notice that Petitioner is currently on "special parole" that was imposed as part of his sentence.  *See* Conn. Gen. Stat. § 53a-28(b); Conn. Gen. Stat. § 54-125e; http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=146239.  This special parole does not deprive the Court of jurisdiction to decide this Petition, nor does it render the Petition moot.  *Dhaity v. Warden*, 5 F. Supp. 3d 215, 221 (D. Conn. 2014) (holding that parole is a sufficient restraint to quality as "custody" for purposes of habeas relief).

[2] A challenge to an inmate's sentence and request for release from the term of special parole must be made in a petition for writ of habeas corpus under 28 U.S.C. § 2254.  *See, e.g., Peacock v. Malloy*, No. 3:18CV406 (VLB), 2020 WL 3036016, at *4 (D. Conn. June 5, 2020); *Conley v. Alexander*, No. 3:18-CV-294 (VAB), 2020 WL 1514834, at *3 (D. Conn. Mar. 30, 2020).

GRANTS Respondents' motion to dismiss.

## I.      FACTUAL BACKGROUND

On November 7, 2012, a jury rendered a verdict finding Petitioner guilty of sexual assault in the first degree in violation of Connecticut General Statutes § 53a-70(a)(1). *State v. Gould*, 155 Conn. App. 392, 394, 398 (2015), *aff'd*, 322 Conn. 519 (2016).  On January 10, 2013, Petitioner was sentenced to a total effective sentence of twelve years' incarceration, to be followed by five years of special parole. *See Gould v. Warden*, No. CV134005276S, 2019 WL 624516, at *1 (Conn. Super. Ct. Jan. 10, 2019).

### A.      Direct Appeal

On June 12, 2013, Petitioner filed an appeal of his conviction with the Connecticut Appellate Court, challenging the trial court's decision to disqualify a prospective juror. *Gould*, 155 Conn. App. at 393.  The Appellate Court held that the trial court abused its discretion in excusing the juror based on a "significant language barrier," but affirmed the judgment of conviction because Petitioner had not been deprived of a fair trial before an impartial jury regardless of the error. *Id.* at 409.

The Connecticut Supreme Court granted Petitioner's petition for certification for appeal "limited to the following issue:  Did the Appellate Court properly conclude that the trial court's disqualification of [a juror] from the defendant's jury did not require reversal of the trial court's judgment?" *State v. Gould*, 316 Conn. 912 (2015). On August 16, 2016, the Connecticut Supreme Court affirmed the judgment of the Connecticut Appellate Court. *Gould*, 322 Conn. at 537. Specifically, the Supreme Court held:

> Having concluded that the improper removal of [a juror] did not entitle the
> defendant to a new trial in the absence of a showing of prejudice, the dispositive
> question is whether the defendant has met his burden of showing that he was
> deprived of an impartial jury.  The defendant has conceded that he made no claim

of prejudice or an unfair trial in the trial court and cannot do so now.  Indeed, the defendant has provided no record from which such a conclusion could be drawn.

*Id.*

B.    State Habeas Proceedings

Petitioner also pursued post-conviction proceedings through state habeas actions.   On January 30, 2013, he filed a petition for a writ of habeas corpus asserting several grounds for habeas relief (CV13-4005276-S).[3]  *See Gould*, 2019 WL 624516.  Petitioner claimed that his trial counsel was deficient for: (1) failing to present a defense that the *victim* had sexually assaulted Petitioner; (2) failing to present evidence of Petitioner's knee problems and erectile dysfunction; (3) failing to challenge adequately the admission of Petitioner's statement to a police officer and failing to impeach the officer's testimony at trial; (4) failing to present Petitioner's own testimony in support of his defense; (5) failing to file a motion *in limine* to bar the use of the words "victim" and "rape kit;" (6) complimenting the prosecutor and his presentation of the state's case-in-chief; and (7) failing to present Petitioner's military record during sentencing. *Id.* at *4-*9. Petitioner also asserted claims of ineffective appellate counsel for his direct appeal challenging the disqualification of the prospective juror. *Id.* at *9-*10.  Additionally, he claimed violation of his right to due process and a fair trial based on: (1) the prosecutor's presentation of false testimony from the victim; (2) misleading and incorrect information about Petitioner's military record; (3) improper arguments before the jury; and (4) the trial court's failure to adequately inquire into his decision whether to testify.  *Id.* at *10.  On January 10, 2019, the state habeas court issued its

_____

[3] Petitioner also filed another habeas action in 2016 that was consolidated with his original habeas case, CV13-4005276-S. *See https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx? DocketNo=TSRCV164007803S.*

3

decision denying the petition on all grounds.  *Id.* at *11. On January 23, 2019, the state habeas court denied Petitioner's Petition for Certification to Appeal.  ECF No. 31-11 at 102.

On April 4, 2019, Petitioner commenced his appeal of the denial of his habeas petition to the Connecticut Appellate Court, presenting the following questions: (1) "Did the habeas court abuse its discretion in denying certification to appeal?" (2) "Did defense counsel's decision to present a consent defense rather th[a]n the agreed upon defense fall below an objective standard of reasonableness?" (3) "Was Petitioner prejudiced by defense counsel's deficient performance?" and (4) "Did defense counsel's withholding of information critical to a decision whether to testify render any waiver of the right to testify not knowing and voluntary?" ECF No. 31-11 at 4.

Petitioner's brief argued that his trial counsel's performance was deficient and prejudicial because counsel failed to present the defense that Petitioner was subjected to an assault by the victim without communicating to Petitioner that he would instead present the defense of consent (which was against Petitioner's express wishes).  *Id.* at 28-36.  Petitioner challenged his trial attorney's presentation of the consent defense, noting, among other things, that "he never offered the jury any reason whatsoever to explain why [the victim] would suddenly decide to have consensual sex with her stepfather[,]" that his efforts to impeach the victim undercut his argument that the sex was consensual, that his impeachment of the victim about inconsistencies resulted in the jury having access to evidence that was otherwise inadmissible, and that he failed to question the victim about significant inconsistencies in her testimony.  *Id.* at 35.

Petitioner asserted that his counsel's failure to offer Petitioner's version of the events resulted in the jury not hearing the "context in which it was believable that the young woman might devise a sexual assault to defeat Petitioner's and his wife's custody plans and to secure a place for herself and her children in her mother's home by ousting Petitioner."  *Id.* at 37.  He also faulted

his attorney for failing to challenge a statement of a police officer (which Petitioner claimed was partly fabricated) or to have it suppressed.  *Id.* at 38.  Finally, Petitioner argued that his attorney's failure to apprise him about the plan to present a consent defense "effectively usurped Petitioner's ability to make a voluntary and knowing decision whether to testify in his own behalf."  *Id.* at 39.  On January 19, 2021, the Connecticut Appellate Court summarily dismissed Petitioner's appeal.  *See Gould v. Commissioner of Correction*, 202 Conn. App. 901 (2021) (*per curiam*).

On February 8, 2021, Petitioner filed a petition for certification to the Connecticut Supreme Court that presented the following two questions for review: (1) "Whether a per curiam dismissal by the appellate court was appropriate where Petitioner asserted the habeas court improperly mischaracterized the nature of his habeas claim, made factual findings not supported by the record, and then based its legal conclusion of effective representation on the mischaracterization and unsupported factual findings?"; and (2) "Whether the habeas court properly concluded that defense counsel's performance was constitutionally sufficient when the habeas court made factual findings not supported by the record, mischaracterized the Petitioner's ineffectiveness claim, and failed to measure counsel's performance against a correct statement of Petitioner's claim, instead measuring counsel's performance in relation to the mischaracterization of Petitioner's habeas claim?".  *See* Petition available at Case Detail for *Gould v. Commissioner*, SC 200333 at 1.[4]  The petition argued, *inter alia*:

> The habeas court assessed the adequacy of counsel's performance in relation to a claim Petitioner did not make, and in support of its legal conclusions relied on facts not supported by the record.  As a result, the habeas court denied Petitioner a meaningful adjudication of his habeas claims.  As set forth in Petitioner's briefs on appeal, Catalano, against Petitioner's express wishes, offered a defense based on A.M. consenting to sexual intercourse with her step-father just feet from her mother's bedroom door.  Catalano's

---

[4] Respondents have not submitted a copy of the petition for certification to the Connecticut Supreme Court. The Court takes judicial notice of the petition that is publicly available on the Connecticut Supreme Court docket. *See* http://appellateinquiry.jud.ct.gov/CaseDetailPreAppeal.aspx?CRN=74732&Type=PartyName.

> decision not to offer a defense based on A.M.'s motive to stage a sexual assault of herself
> by Petitioner was unreasonable because, in the absence of a reason to believe A.M.
> suddenly decided to have consensual sex with her step-father, the jury had no reason to
> disbelieve A.M.'s testimony that she was the victim of a sexual assault.

*Id.* at 10.

On March 2, 2021, the Connecticut Supreme Court denied certification of the appeal. *Gould v. Commissioner of Correction*, 336 Conn. 921 (2021).

At present, Petitioner has a pending state habeas action (CV19-5000419) filed on October 21, 2019, which claims, among other things, that his trial counsel failed to present the evidence he requested (including DNA evidence) and conceded his guilt. *See* ECF 31-15. This action is scheduled for trial on September 17, 2024.[5]

## II.      LEGAL STANDARD

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)."  *Harrington v. Richter*, 562 U.S. 86, 97 (2011).  That statute provides that a federal court cannot grant habeas relief unless "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).

"The exhaustion doctrine recognizes that state courts, no less than federal courts, are bound to safeguard the federal rights of state criminal defendants."  *Daye v. Att'y Gen. of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc).  Thus, "[t]he exhaustion requirement . . . serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity

---

[5] *See* https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV195000419S.

to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). *See also Picard v. Connor*, 404 U.S. 270, 275 (1971) (noting that the purpose of the exhaustion doctrine is "to prevent unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution" (citation and internal quotation marks omitted)). "To provide the State with the necessary 'opportunity,' [to pass upon and correct an alleged violation of its prisoner's federal rights] the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted); *see also Picard*, 404 U.S. at 275 ("We emphasize that the federal claim must be fairly presented to the state courts.").

A petitioner's claims may be presented to the state courts on either direct review or state post-conviction proceedings. "A prisoner does not have 'to ask the state for collateral relief, based on the same evidence and issues already decided by direct review.'" *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (quoting *Brown v. Allen*, 344 U.S. 443, 447 (1953)). However, review in the highest court must be sought, even if such review is discretionary and unlikely to be granted. This "give[s] the state courts one full opportunity to resolve any constitutional issues by invoking one *complete* round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845 (emphasis added); *see* 28 U.S.C. 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has a right under the law of the State to raise, by any available procedure, the question presented.").

Moreover, a petitioner only satisfies the exhaustion requirement if he presents the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it. This allows the state courts the "opportunity to pass upon and

correct alleged violations of its prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (*per curiam*) (internal quotation marks and citation omitted); *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003) (exhaustion of state remedies requires a petitioner to present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it.") (citations omitted).

However, a federal claim has only been fairly presented to the state courts if it "alert[s] that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted). A petitioner "does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief … that does not alert it to the presence of a federal claim in order to find material … that does so." *Id.* at 32. Thus, "the claim presented to the state court ... must be the 'substantial equivalent' of the claim raised in the federal habeas petition." *Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003) (citations omitted).

Failure to exhaust state court remedies may be excused only if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*); 28 U.S.C. § 2254(b)(1)(B). The petitioner may not, however, simply wait until appellate remedies are no longer available and then argue that the claim is exhausted. *See Galdamez v. Keane*, 394 F.3d 68, 72-74 (2d Cir. 2005), *cert. denied*, 544 U.S. 1025 (2005).

## III.     DISCUSSION

Petitioner asserts four grounds for relief in this habeas action.

Ground One claims actual innocence. Petitioner argues the "evidence does not support the verdict[,]" and seeks to "explore[]/expose[] merited facts that [were] unlawfully suppressed" at Petitioner's trial and habeas proceedings. ECF No. 1 at 10. Petitioner states that these claims were

raised in his prior state habeas proceeding but not in his appeal of the state habeas court's decision to the Connecticut Appellate Court.  *Id.* at 10.

Ground Two asserts prosecutorial impropriety due to "numerous" due process violations. These include knowing use of perjury, subornation, artifice, collusion, excluding key DNA evidence, denial of procedures, and lying on the record.  *Id.* at 12.  Petitioner indicates he brought such claims in his state habeas proceedings but failed to raise them in his appeal of the state habeas court's decision to the Connecticut Appellate Court.  *Id.* at 13.

Ground Three claims ineffective assistance of counsel.  Petitioner claims counsel committed fraud, collusion, violations of client trust and client autonomy, suppression of DNA evidence, "prosecuting," and malfeasance.  *Id.* at 14.  Petitioner indicates that such claims were raised in his state habeas proceeding but not raised in his appeal of the state habeas court's decision to the Connecticut Appellate Court.  *Id.* at 15.

Ground Four asserts malicious prosecution.  Petitioner argues there was a plan between his trial counsel and the State's Attorney to exclude DNA blood evidence and "all identifying info[rmation]" from trial.  *Id.* at 16.  Petitioner indicates that he failed to raise this ground in either his direct appeal or in his state habeas proceedings due to attorney error.  *Id.* at 16-17.

A.    Exhaustion

As discussed above, prior to seeking federal habeas relief, a petitioner must exhaust all applicable state avenues of redress by presenting all possible grounds for relief to the highest applicable state court for review.  Respondents contend that only three issues "can be said to have been exhausted" through state court litigation: (1) improper excusal of a juror; (2) ineffective assistance of trial counsel due to counsel's failure to present the defense that Petitioner was assaulted by the victim; and (3) ineffective assistance of trial counsel due to counsel's failure to

share information that affected Petitioner's decision to waive the right to testify, thereby rendering the decision involuntary.  ECF No. 31 at 12.  Respondents assert, however, that these claims are not in Petitioner's federal Petition; thus, only unexhausted claims are raised here.  *Id.* at 12-13.

Petitioner concedes that each of the four grounds asserted in the instant habeas Petition have not been presented for review to the Connecticut Supreme Court. *See* Pet. at 9-17.  Because the record reflects that Petitioner has not presented all of his grounds for relief before the state's highest court, he fails to satisfy the exhaustion requirement of his section 2254 Petition.  *See Galdamez*, 394 F.3d at 73 ("The petitioner must apprise the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition.").  Petitioner has not asserted that there is no opportunity for redress in state court or that the state court process is clearly deficient. Thus, he is not excused from exhausting his state remedies before proceeding in federal court.  *See* 28 U.S.C. § 2254(b)(1)(B)(i) & (ii) (federal district court may consider a claim that has not been exhausted in state court if "there is an absence of available State corrective process;" or "circumstances exist that render the state court process "ineffective to protect the rights of the [petitioner].");  *Duckworth*, 454 U.S. at 3 (noting exception to the exhaustion requirement is appropriate "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient" that any attempt to secure relief in state court is rendered futile).

Therefore, Petitioner has failed to satisfy the exhaustion requirement.

B.     <u>Mixed Petition</u>

Despite that Petitioner has not exhausted state court remedies for his four grounds for relief, there is nevertheless the possibility that Petitioner has exhausted parts of his current claims. Specifically, Petitioner has, arguably, exhausted part of his claim of ineffective assistance of

counsel, if his third ground for relief encompasses his claims that he was prejudiced: (1) by his counsel's failure to present his defense of having been assaulted by the victim, or (2) by his counsel's failure to share information that affected his decision to waive the right to testify. *See* ECF No. 31 at 12-13. The Court notes that Petitioner's third ground asserting ineffective assistance of counsel does not clearly state such claims. However, if Petitioner is asserting these two claims under ground three, the Petition constitutes a mixed petition. *See Rhines v. Weber*, 544 U.S. 269, 273 (2005) (a mixed petition is one that contains "both exhausted and unexhausted claims."). Traditionally, a mixed petition is dismissed without prejudice to refile another federal habeas corpus action after all grounds have been exhausted. *Id.* at 274. In "limited circumstances," the court has the discretion to stay a mixed habeas petition to enable the petitioner to present his unexhausted claims to the state court and then return to federal court for review of all of his claims. *See id.* at 277.

A stay should be invoked, however, only when the following conditions are met: a petition contains both exhausted and unexhausted claims; the petitioner demonstrates good cause for failing to exhaust all claims before filing the federal petition; the claims are not clearly without merit; and the petitioner may be time-barred if the case is dismissed. *See Rhines*, 544 U.S at 277 ("stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and "even if a petitioner had good cause for that failure," stay and abeyance is not appropriate if petitioner's "unexhausted claims are plainly meritless"); *Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001) (in view of the one-year limitations period for filing a federal habeas petition set forth in 28 U.S.C. § 2244(d)(1), district courts should not dismiss a mixed petition if an outright dismissal would preclude petitioner from having all of his claims addressed by the federal court).

Here, Petitioner seeks a stay of his Petition rather than a dismissal pending exhaustion of his grounds for relief because he contends that a dismissal could "jeopardize the timeliness of a collateral attack" due to the "limitations imposed by the [Antiterrorism and Effective Death Penalty Act's ("AEDPA")] intent to promote finality." *See* Mot. for Stay at ¶ 2, ECF No. 37.

The Court finds that the Petition does not warrant a stay. Petitioner asserts that his unexhausted grounds for relief were "quashed" or "set aside" by the habeas court or not asserted due to attorney error. *See* Pet. at 9-16. Petitioner has not, however, explained any circumstances amounting to good cause that prevented him from exhausting these grounds for habeas relief in the state courts prior to filing this action.

Nor would dismissal of the present action lead to Petitioner's claims being time-barred. The limitations period in AEDPA commences when the judgment of conviction becomes final and is tolled for the period during which a properly filed state habeas petition is pending. *See* 28 U.S.C. § 2244(d)(1)-(2); *Rivas v. Fischer*, 687 F.3d 514, 533 (2d Cir. 2012) (holding that the statute of limitations "runs from the latest of a number of triggering events, including the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.") (internal quotation marks omitted); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run") (*per curiam*).[6]

Here, though the Court makes no formal findings regarding Petitioner's remaining time to re-file this petition, it appears Petitioner has had post-conviction proceedings pending continually

---

[6] The filing and pendency of a federal habeas petition, however, does not toll the statute of limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

since the date of his conviction.  As discussed above, Petitioner's direct appeals of his conviction culminated in an affirmance by the Connecticut Supreme Court in 2016.  Prior to such affirmance, however, in 2013, Petitioner filed a state habeas petition, which concluded in 2021 when the Connecticut Supreme Court denied certification to appeal.  Finally, in 2019, Petitioner filed another state habeas proceeding, which remains pending and is scheduled for trial in 2024.  Thus, it appears that the one-year statute of limitations has not even begun to run in the instant case.[7]  Dismissal of the instant petition thus does not risk Petitioner's subsequently filed petition being untimely.

Further, because Petitioner's grounds for relief are difficult to discern, the merits of his claims are difficult to assess and would benefit from review by a state court.  For all of these reasons, the Court declines to stay the Petition.

Accordingly, the Court concludes that the motion to dismiss should be granted.  However, this dismissal for failure to exhaust state court remedies is without prejudice to the filing of a renewed § 2254 petition. *See Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000); *see also  Green v. Quiros*, No. 3:20-CV-1217 (CSH), 2021 WL 1670293, at *4–5 (D. Conn. 2021).  Petitioner's arguments for overruling his "unlawful 'special parole'" may be asserted in a habeas petition filed after he has exhausted all of his grounds for habeas relief in the state courts.

IV.     CONCLUSION

For the foregoing reasons, Respondents' motion to dismiss (ECF No. 30) is GRANTED.  The Petition (ECF No. 1) is DISMISSED without prejudice to refiling a new petition after

---

[7] In their motion to dismiss, Respondent claims the delay between the Connecticut Supreme Court denying review of the state habeas petition and the filing of the instant petition should count against the statute of limitations.  ECF No. 31 at 14.  Even if the Respondent is correct, Petitioner will still have more than five months to file a renewed petition after exhausting his contentions with the state court.

Case 3:21-cv-01237-SVN   Document 47   Filed 05/09/22   Page 14 of 14


Petitioner has fully exhausted all available state court remedies as to all grounds in his Petition.[8]

Accordingly, Petitioner's motion to stay and abeyance of mixed petition (ECF No. 37) is DENIED, and his motion to use ancillary jurisdiction to overrule his "unlawful 'special parole'" (ECF No. 38) is DENIED.

The Clerk is instructed to close this case.

Any appeal from this order would not be taken in good faith. Thus, a certificate of appealability will not issue.

**SO ORDERED** at Hartford, Connecticut, this 9th day of May, 2022.


/s/ Sarala V. Nagala
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE

---

[8]     Petitioner is informed that he also has the option of proceeding only as to grounds that his trial counsel was ineffective by failing to present his defense that he was assaulted by the victim or by failing to share information that affected Petitioner's decision to waive the right to testify (claims that Respondents consider to be exhausted before the state's highest court).
    If Petitioner wishes to proceed on these claims only, he must file a motion to reopen seeking: (1) to proceed as to any exhausted grounds in the Petition, and (2) to withdraw all of the unexhausted grounds. The motion must clearly identify the grounds that the Petitioner claims have been fully exhausted and explain how the grounds were exhausted in state court. Petitioner must also file an Amended Petition that contains only these exhausted claims as grounds for habeas relief.
    The Petitioner is cautioned, however, that if he proceeds only as to such exhausted grounds, with the intention of presenting the unexhausted grounds to this court after they have been exhausted, he will run the risk that any such new petition will not be considered by this Court because it would constitute a second or successive petition. *See* 28 U.S.C. § 2244(b)(2).